IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA ZAVALA, | C 07-2307 MJJ (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| vs. | |
| SCHEILA A. CLARK, | (Docket Nos. 9 & 15) |
| Respondent. | |

Petitioner, a federal prisoner incarcerated in Dublin, California, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging the execution of her federal sentence. The Court ordered respondent to show cause why the petition should not be granted based on petitioner's cognizable claim. Respondent filed an answer, and petitioner filed a traverse.

**BACKGROUND**

In 2006, petitioner pled guilty in the United States District Court for the Eastern District of California to seven counts of mail fraud. On August 21, 2006, she was sentenced to 18 months in federal prison, and her projected release date is December 20, 2007. Pursuant to Bureau of Prisons ("BOP") regulations, codified at 28 C.F.R. §§ 570.20 and 570.21 and prohibiting her transfer to a Residential Reentry Center ("RRC") until ten percent

G:\PRO-SE\MJJ\HC.07\zavala.exh.wpd

of her sentence remains, BOP officials have designated her for placement at an RRC on November 14, 2007.

## DISCUSSION

Petitioner challenges the lawfulness of 28 C.F.R. §§ 570.20 and 570.21, which prohibit her placement in an RRC sooner, on the grounds that they are inconsistent with the clear congressional intent articulated in 18 U.S.C. § 3621(b). Respondent argues, inter alia, that petitioner has not exhausted her claim through the BOP's administrative appeals process.

Section 2241 does not specifically require petitioners to exhaust available remedies before filing petitions for a writ of habeas corpus. Castro-Cortez v. INS, 239 F3d 1037, 1047 (9th Cir. 2001). Nonetheless, the Ninth Circuit requires "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." Id. (citations omitted).[1] The requirement may be waived in limited circumstances because it is not a jurisdictional prerequisite. Id.; see, e.g., Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of exhaustion requirement may be appropriate).

On May 21, 2007, petitioner pursued a BOP "Administrative Remedy" regarding the present claim, which Remedy was denied on May 30, 2007. She had 20 days to appeal the denial of that Remedy to the next level, but she did not do so until July 24, 2007. Her appeal was thus denied as untimely. She did not file an administrative appeal to the third and final level of review to the General Counsel's Office of the BOP.[2] Thus, as petitioner concedes, "she has failed fully to exhaust her administrative remedies." (Traverse at 3.)

---

[1] As exhaustion is required under this authority, the Court need not address respondent's argument that exhaustion is also required under the Prison Litigation Reform Act because this petition challenges petitioner's "prison conditions." See 42 U.S.C. § 1197e(a) (requiring exhaustion of any action under federal law challenging prison conditions).

[2] A federal prisoner may seek formal review of an issue that relates to any aspect of his imprisonment under 28 C.F.R. § 542.10. The procedure requires that the prisoner first address his complaint to the institution staff. See 28 C.F.R. § 542.14(c)(4) (1997), Form BP-9. If dissatisfied with the response at that level, the inmate may appeal his complaint to the regional Director of the Bureau of Prisons ("BOP"). See id. § 542.15(a), Form BP-10. Finally, the prisoner may appeal his case to the General Counsel in the Central Office of the BOP, which is the "final administrative appeal." See id., Form BP-11.

Petitioner claims that the exhaustion requirement should be waived in her case.  She argues that exhausting her claim through the BOP's administrative appeals process "would be futile here because the BOP's denial of petitioner's administrative remedies would be based on the regulation she challenges." (Traverse at 3.)  Second, she argues she "could lose the benefit of consideration for early release" because the process would take too long.

Petitioner's speculation that pursuit of administrative remedies would be futile is belied by the fact that all four federal circuits that have addressed the validity of the BOP policy at issue here, 28 C.F.R. §§ 570.20 and 570.21, have found it invalid.  See Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005).  The federal district courts in the Ninth Circuit that have addressed the issue thus far have also found the BOP regulations invalid.  See Whistler v. Wrigley, No. C 06-0860-LJO-WMW, 2007 WL 1655787, at *3 (E.D. Cal. June 7, 2007).  Perhaps as a consequence of this across-the-board rejection of the BOP policy, in Whistler, the BOP informed the court that it had evaluated the petitioner "'without reference to the time constraints imposed by 28 C.F.R. 570.20-21," and transferred him to a RRC, leading the court to dismiss the petition as moot.  Id. at *6.  Consequently, it is far from clear that petitioner's pursuit of administrative remedies would be futile; to the contrary, there is a real possibility that BOP officials will provide the remedy petitioner seeks in the first instance. In addition, waiver of the exhaustion requirement is not justified simply based on petitioner's fear that exhaustion will take too long.  Indeed, it appears petitioner need only pursue one additional administrative remedy, to the highest level of appeal at the BOP's General Counsel's Office.  Waiver of the exhaustion requirement is not warranted under these circumstances.[3]

//

//

---

[3]As the claims are not exhausted, the Court need not address respondent's alternative arguments.

G:\PRO-SE\MJJ\HC.07\zavala.exh.wpd            3

**CONCLUSION**

In light of the foregoing, the petition for a writ of habeas corpus is DISMISSED without prejudice to refiling after exhausting the BOP's administrative appeals process.

Respondent has filed two motions to relate this case to several other actions in this court which also challenge the regulation challenged herein.[4] The facts and circumstances of each individual petitioner's sentence, conviction, release date, and history of administrative exhaustion vary greatly. As a result, and in light of the dismissal of the present action, the motions to relate the cases are DENIED.

The clerk shall close the file and terminate Docket Nos. 9 & 15.

IT IS SO ORDERED.

DATED: 9/14/07

_____
MARTIN J. JENKINS
United States District Judge

---

[4] The Court notes that numerous cases have been filed in this court challenging the same regulation, including cases not mentioned in respondent's motion.

G:\PRO-SE\MJJ\HC.07\zavala.exh.wpd             4